In re HORN CONSTRUCTION AND MAINTENANCE, INC., a corporation, Debtor.

Bankruptcy No. 82–00597.

United States Bankruptcy Court, S.D. Alabama.

June 9, 1983.

Edward C. Greene, Mobile, Ala., for Technical Welding Supply, Inc.

## ORDER

WILL G. CAFFEY, Jr., Bankruptcy Judge.

This matter having come on for hearing upon the Motion of Technical Welding Supply, Inc. for Leave to File Late Proof of Claim; and due notice of hearing having been given;

Now, therefore, the Court finds, concludes and orders as follows:

## FINDINGS OF FACT

Horn Construction and Maintenance, Inc. filed a petition under Chapter 11 of the Bankruptcy Code on June 16, 1982.

On July 15, 1982 the Court entered its order for meeting of creditors which provided, inter alia, that:

" * * * Any creditors holding a listed claim which is not listed as disputed, contingent, or unliquidated as to amount, may, but need not, file a proof of claim in this case. Creditors whose claims are not listed or whose claims are listed as disputed, contingent or unliquidated as to amount and who desire to participate in the case or share in any distribution must file their proofs of claim on or before the approval of a disclosure statement, which date is hereby fixed as the last day for filing a proof of claim. * * * Any creditor who desires to rely on the list has the responsibility for determining that he is accurately listed."

A copy of the above order and notice was mailed to all creditors listed by the debtor. Technical Welding Supply Co. was listed by the debtor on the list of creditors which accompanied the original petition; and in the Schedules filed on July 30, 1982 the indebtedness to Technical Welding Supply Co. was shown to be $5,440.79.

On November 2, 1982 the debtor filed its Disclosure Statement and its petition for approval thereof was set for hearing on December 21, 1982 and all creditors, including Technical Welding Supply Co., were notified thereof. By order dated January 12, 1983 the Disclosure Statement was approved.

The within Motion was filed on March 1, 1983 wherein Technical Welding asserts that because of a misunderstanding between it and its attorney as to the amount of the debt owed by the debtor, it did not file a proof of claim prior to the approval of the disclosure statement. It asserts that the debtor actually owed it, as of the date of the filing of the petition herein, the sum of $7,996.77.

The debtor does not object to the late filing of the proof of claim; and the matter was submitted upon the record and the pleadings.

## CONCLUSIONS OF LAW

In a Chapter 11 case under the Code, a proof of claim is deemed filed for any claim that appears in the schedules of the debtor, except one that is scheduled as disputed, contingent, or unliquidated.

Bankruptcy Code, Section 1111

The debtor listed Technical Welding as a creditor in the amount of $5,440.79. The claim was not disputed nor shown to be

contingent, or unliquidated; therefore, it was deemed filed for the amount listed.

If Technical Welding considered the amount incorrect, it could have filed its claim at any time prior to the approval of the disclosure statement.

Local Interim Bankruptcy Rule 3001(b)(3)

Technical Welding did not file a claim prior to the approval of the disclosure statement; therefore, its claim is deemed to be filed and allowed for the amount scheduled, $5,440.79.

Since neither the Code nor the Interim Rules prescribe a procedure for filing a late proof of claim, the Rules of Bankruptcy Procedure, not inconsistent with the Code, will govern. Under Bankruptcy Rule 906(b)(2), the Court, for cause shown, may in its discretion, upon application made after the expiration of the specified period permit an act to be done where the failure to act was the result of excusable neglect.

Considering Technical Welding's "Motion for Leave to File Proof of Claim Late" as a motion for an extension of time for the filing of claims, the Court's discretion to allow the late claim is circumscribed by a finding of "excusable neglect." *In re Oakton Beach & Tennis Club Real Estate Limited Partnership* 9 B.R. 201 (ED, Wis., Bkrtcy.—1981).

And the moving party has the burden of showing circumstances which would constitute excusable neglect. *In re Goode* 3 B.R. 207 (WD, Va., Bkrtcy.—1980).

The basis of Technical Welding's motion is that it failed to file a claim within the allowed time because of a "misunderstanding" between it and its own attorney as to whether the Schedules filed by the debtor accurately reflected the indebtedness owed.

It is the opinion of the Court that such a "misunderstanding" does not constitute excusable neglect within the contemplation of Bankruptcy Rule 906. See: *Ben Sager Chemicals International v. E. Targosz Co.* 560 F.2d 805 (7 Cir., 1977); *In re Goode,* supra; *In re Valley Fair Corp.* 4 B.R. 564 (SD, NY, Bkrtcy.—1980).

ORDER

Now, therefore, it is ORDERED, ADJUDGED and DECREED that the Motion of Technical Welding Supply, Inc., for Leave to File Proof of Claim Late, be, and it hereby is, DENIED.