In re William B. RYAN, Debtor,

William B. Ryan, Appellant,

v.

Jasper Land Development, LLC, Appellee.

C.A. No.: 9–06–1375–PMD–RSC.

United States District Court, D. South Carolina, Beaufort Division.

July 18, 2006.

William B. Ryan, Bluffton, SC, pro se.

Brendan P. Langendorfer, Robert A. Kerr, Jr., Hagood and Kerr, Mt. Pleasant, SC, for Appellee.

### ORDER

DUFFY, District Judge.

William B. Ryan ("Ryan" or "Appellant"), debtor in this Chapter 11 case, converted from Chapter 13 by Order of the Bankruptcy Court on February 27, 2006, appealed to this court from the final Order of the Bankruptcy Court entered January 17, 2006, granting annulment of the automatic stay, pursuant to 28 U.S.C. § 158(a) or (b). This matter is currently before the court on Appellant Ryan's Motion for Enlargement of Filing Deadlines. Appellee Jasper Land Development, LLC opposes this Motion and moves the court to Dismiss the Appeal.

### PROCEDURAL BACKGROUND

Through assignment, Jasper Land Development LLC ("Jasper") had three judgments against Ryan from actions adjudicated in the Court of Common Pleas, Jasper County, South Carolina. In an effort to collect these judgments, the Jasper County Sheriff levied on 262 acres of real property owned by Ryan, located in Jasper County. On December 5, 2005, pursuant to the Notice of Sheriff's Sale, the Sheriff sold the real property. Jasper was the highest bidder at the Sheriff's Sale and purchased the real property.

Unbeknownst to Jasper, on December 2, 2005, Ryan had filed a voluntary petition seeking relief under Chapter 13 of Title 11, 11 U.S.C. §§ 101–1334 (the "Bankruptcy Code"). The filing for Chapter 13 bankruptcy resulted in an automatic stay on all of Ryan's property. On December 23, 2005, Jasper filed a motion for annulment of the automatic stay with the bankruptcy court, seeking to have the sale of the real estate given full force and effect. On January 12, 2006, the Bankruptcy Court conducted a hearing on Jasper's motion, and granted the relief requested by Jasper.

On January 23, 2006, Ryan moved for reconsideration of the Bankruptcy Court's order lifting the automatic stay. The Court denied Ryan's motion. The ex parte temporary restraining order issued by the Bankruptcy Court restraining Jasper from exercising its rights to effectuate the Sheriff's Sale during the time the Court considered the motion to reconsider expired on its own terms. The Jasper County Sheriff re-advertised the real property and issued a deed to Jasper on April 1, 2006. Jasper

recorded the deed in the Jasper County RMC Office on May 1, 2006. The Bankruptcy Court did not stay the recording of the deed pending appeal and Ryan has not sought a stay from this court.

On May 5, 2006, Ryan, acting *pro se,* filed a notice of appeal from the Bankruptcy Court's decision with this court. On May 18, 2006, Jasper filed a motion to dismiss appeal as moot. On June 26, 2006, the day Ryan's response to the motion to dismiss was due, and over a month after his Appellant Brief was due, attorney Kenneth Krawcheck filed a notice of appearance on behalf of Appellant Ryan. On that day, Mr. Krawcheck also filed a motion requesting (1) an extension of fifteen (15) days to file and serve a response to Appellee's motion to dismiss, (2) a motion for enlargement of the period in which to file an Appellant Brief in support of the appeal,[1] and (3) a new briefing schedule set by the court.

## *ANALYSIS*

### Motion for Enlargement of Period in which to File Appellant Brief

■ Bankruptcy Rule 8009 requires a party appealing from the ruling of a Bankruptcy Court to file an initial brief within 15 days after the entry of appeal on the District Court's docket. This court docketed Ryan's appeal on May 5, 2006, rendering May 22, 2006, as the first filing deadline. On May 17, 2006, the court sent a Bankruptcy Scheduling Notice to Ryan, explaining and cautioning that the Appellant Brief was due on May 22, 2006. Despite the fact that Ryan had notice of the filing deadlines, he did not file an Appel-

lant Brief, nor request an enlargement of this period prior to the expiration of the fifteen day period.

■ According to Bankruptcy Rule 9006(b)(1), because Ryan filed his motion for an extension of time *after* the expiration of the 15 day period, he must demonstrate "excusable neglect" before an extension may be granted.[2] Bankruptcy Rule 9006(b)(1). "Excusable neglect constitutes the failure to timely perform a duty due to circumstances which were beyond the reasonable control of the person whose duty it was to perform." *In re Jackson,* 98 B.R. 738, 742 (Bankr.D.Md.1986) (citations omitted). Courts have been most willing to find excusable neglect where the movant failed to comply with the bar date because, through no fault of its own, it had no notice of that date. *Id.; see, e.g., In re Holweck,* 1993 WL 56798 (D.Md. Feb.25, 1993) (finding excusable neglect where but for the incorrect address and concomitant failure to receive notice of the docketing date, appellant would have timely filed an initial brief); cf., *In re Underground Utility Construction Co.,* 35 B.R. 588 (Bankr. S.D.Fla.1983) (holding that a creditor had failed to show "excusable neglect" for filing his claim three days after the bar date where the untimely filing was the result of his failure to mail his claim to the proper address); *In re Horn Construction & Maintenance, Inc.,* 32 B.R. 87 (Bankr. S.D.Ala.1983) ("misunderstanding" between a creditor and its lawyers which caused its late filing of a proof of claim did not amount to "excusable neglect.").

In the Motion for enlargement, Appellant's counsel Mr. Krawcheck asserts that

---

1. In his motion, Appellant actually requests that "he *not be required* to file a Memorandum or Brief in Support of the Appeal." Because an Appellant Brief is necessary to an appeal, the court interprets this as a request for an enlargement of the period in which to file his Appellant Brief.

2. If he had requested an extension prior to the expiration of the relevant period, the court could freely order the period enlarged within its discretion. Bankruptcy Rule 9006(b)(1).

because he is only newly involved in this case, the court should forgive the tardiness of the Appellant Brief and grant Appellant an enlargement of the periods in which to file the Brief and to respond to Appellee's Motion to Dismiss. Krawcheck submits that "the involvement of counsel in this matter, and the need for more time for counsel to prepare the appropriate briefs and responses in support of this Appeal" justifies this relief. The court disagrees. The only reason Appellant offers for an extension—Appellant's counsel's unfamiliarity with the case—does not explain why Appellant has completely failed to prosecute this appeal until this point, nor does it explain why Appellant failed to hire counsel prior to this late date. Through the Bankruptcy Scheduling Notice, Appellant had notice of the filing deadlines, yet, for no articulated reason, he did not timely file an Appellant Brief, nor request an enlargement of this filing period prior to the expiration of prescribed period. Accordingly, the court finds that Appellant has neither alleged nor demonstrated "circumstances which were beyond [his] reasonable control" that would excuse Appellant's negligence in failing to comply with the court's Scheduling Notice. *Id.* Because he has failed to show excusable neglect, the court therefore must deny Ryan's Motion for an enlargement of the time in which to file his Appellant Brief. Bankruptcy Rule 9006(b)(1).

▮▮▮ The court recognizes that it may dismiss Ryan's appeal for his failure to file and serve his Appellant Brief by May 22, 2006. To determine whether to dismiss a bankruptcy appeal for failure to timely file a brief, the district court must exercise its discretion under Bankruptcy Rule 8001(a).[3] *In re SPR Corp.,* 45 F.3d 70, 74 (4th

Cir.1995). In applying Rule 8001(a), the district court must take one of the four steps outlined in *In re Serra Builders, Inc.,* 970 F.2d 1309 (4th Cir.1992). Specifically, the court must: "(1) make a finding of bad faith or negligence; (2) give the appellant notice and an opportunity to explain the delay; (3) consider whether the delay had any possible prejudicial effect on the other parties; or (4) indicate that it considered the impact of the sanction and available alternatives," keeping in mind that dismissal is a "harsh sanction which the district court must not impose lightly." *Id.* at 1311. Proper application of the *Serra* test requires the court to consider and balance all relevant factors. The court's exercise of its discretion without considering and balancing all relevant factors amounts to an abuse of discretion. *See James v. Jacobson,* 6 F.3d 233, 239 (4th Cir.1993).

In this case, Ryan admittedly did not timely file his Appellant Brief as required by Rule 8009. As discussed above, Appellant had notice of the filing deadlines and his failure to timely file was the result of his negligence, not excusable neglect. Appellant had an opportunity to explain the delay in his Motion for Enlargement, and failed to articulate even one reason that would constitute justification or excuse for the delay. The court has considered the impact of dismissing the appeal, and finds that it is the most appropriate sanction, especially in light of the fact that the underlying bankruptcy case has been dismissed. Considering Ryan's failure to make this filing in light of Rule 8001(a) and the balancing test set forth in *Serra Builders,* the court finds that dismissal of this appeal is appropriate.

---

**3.** In relevant part, Bankruptcy Rule 8001(a) states that "[a]n appellant's failure to take any step other than the timely filing of a notice of appeal does not affect the validity of the ap-

peal, but is ground only for such action as the district court or bankruptcy appellate panel deems appropriate, which may include dismissal of the appeal."

## CONCLUSION

For the foregoing reasons, it is hereby **ORDERED** that Appellant William B. Ryan's Motion for Enlargement of Filing Deadlines is **DENIED** and the pending appeal is **DISMISSED** for failure to prosecute.

**AND IT IS SO ORDERED.**