In re SULLIVAN FORD SALES, INC., Debtor.

Geraldine McGLINN, Phillip McGlinn, Plaintiffs,

v.

SULLIVAN FORD SALES, INC., Defendant.

Bankruptcy No. 179–10061.
Adv. No. 182–0054.

United States Bankruptcy Court, D. Maine.

Nov. 8, 1982.

Robert G. Frazier, Portland, Me., for plaintiffs.

Michael Haenn, Mitchell & Stearns, Bangor, Me., for defendant.

## MEMORANDUM DECISION

FREDERICK A. JOHNSON, Bankruptcy Judge.

The plaintiffs, Geraldine McGlinn and Phillip McGlinn, seek relief to pursue their civil suit in state court against Sullivan Ford Sales, Inc. (hereinafter Sullivan). Sullivan is a former chapter 11 debtor having filed an original petition in this court on November 23, 1979. Its reorganization plan

was confirmed on August 6, 1980. The plan made no provision for the plaintiffs' claim. The plaintiffs initiated a civil suit in state court against Sullivan on November 9, 1981 seeking to recover damages as a result of an accident involving an automobile which the plaintiffs purchased from Sullivan.

Sullivan argues that the plaintiffs' claim must be dismissed for their failure to file timely a proof of claim in order to participate in the distribution under the confirmed plan. Furthermore, Sullivan argues that plaintiffs' claim is discharged by the court's order confirming Sullivan's plan.[1]

The plaintiffs argue that their claim against Sullivan is not discharged because they never received notice from the bankruptcy court and did not have actual knowledge of Sullivan's bankruptcy case. The plaintiffs also assert that their claim will have no effect on the estate because it is fully covered by Sullivan's insurance and is being defended by attorneys for Sullivan's insurer.

The facts are not in serious dispute.

On August 31, 1978, the plaintiffs purchased a 1977 Dodge Aspen automobile from Sullivan. On January 17, 1979, Geraldine McGlinn was injured in an accident while operating the vehicle. In September, 1979, the plaintiffs, by and through counsel, notified Sullivan of the accident and the injuries sustained by Mrs. McGlinn.

Geraldine McGlinn's claim was listed on schedule A–3 of Sullivan's petition as an unliquidated debt.[2] However, the matrix of creditors filed with the court by Sullivan did not include the plaintiffs' names or their address. Consequently, the plaintiffs did not receive official notice from the court or Sullivan of the filing of the petition or any subsequent notices or documents from the

---

1. The order confirming Sullivan's reorganization plan dated August 6, 1980 states in part:

   That all holders of claims against or of interests in the debtor . . . are hereby perpetually enjoined and stayed from pursuing or attempting to pursue or from commencing any suits or proceedings at law, in equity, or otherwise, against the debtor . . . except that the foregoing shall not apply with respect to

   claims, rights or interests arising out of the plan or this order, or administrative claims, and further excepting such claims as are not discharged by law.

2. Holders of claims that are "scheduled as disputed, contingent, or unliquidated" in a chapter 11 case are required to file a proof of claim. 11 U.S.C.A. § 1111(a) (1979).

court. The plaintiffs never filed a proof of claim.

The plaintiffs commenced suit against Sullivan and Chrysler Corporation in Maine Superior Court on November 9, 1981. The plaintiffs' complaint alleges Geraldine McGlinn's accident and the liability of Sullivan for damages incurred by her. The complaint prays for damages in the amount of $100,000 on the grounds of strict liability, breach of warranty and negligence. Phillip McGlinn prays for damages for loss of consortium in the amount of $20,000.00.

On January 8, 1982, Sullivan filed a motion for summary judgment in the state court action asserting the discharge of plaintiffs' claims. The state court has taken no action on the motion for summary judgment.

Sullivan has insurance which is sufficient to cover any judgment against it within the limits of the recovery sought by the plaintiffs in their complaint. The state court action is being defended by counsel retained by Sullivan's insurer at no cost to Sullivan or the estate.

The plaintiffs did not have actual knowledge of Sullivan's chapter 11 case until the winter of 1981–1982 when they read an article in the local daily newspaper. Sullivan does not seriously dispute that the plaintiffs did not have actual knowledge of the chapter 11 case in time to file timely a proof of claim.

An order confirming a plan under chapter 11 generally operates to discharge a debtor from claims that arose prior to the date of confirmation. 11 U.S.C.A. § 1141(d)(1) (1979).[3] In the instant case, however, the plaintiffs did not receive notice or have actual knowledge of Sullivan's case until well after the plan was confirmed. "The general issue posed by section 1141(d)(1) is whether a creditor or equity holder can be deprived of its claim against or interest in the debtor by operation of law if the trustee or debtor has failed to give the creditor or equity holder notice by the best available means of the chapter 11 case and of the need to file a proof of claim or proof of interest." 5 *Collier on Bankruptcy* ¶ 1141.-01[b], at 1141–11 (15th ed. 1982).

Where the creditor does not have actual knowledge of the reorganization case, the rule in the First Circuit is quite clear. In a chapter X case under the old Act the First Circuit Court of Appeals said:

> We therefore hold that the failure of the trustee, knowing of the creditor's claim, to mail the various notices required of chapter X, precludes a finding that the creditor is barred by confirmation of the reorganization plan from presenting his claim to a bankruptcy court.... As the Supreme Court has stated, the creditor has a right to assume that proper and adequate notice will be provided before his claims are forever barred...."

*In re Intacto Puerto Rico, Inc.*, 494 F.2d 94, 99 (1st Cir.1974).

The plaintiffs in this proceeding, not having received official notice of Sullivan's reorganization case and not having actual knowledge of the case in time to file a proof of claim before confirmation, are not barred from pursuing their claim.

Appropriate orders will be entered.

---

**3.** 11 U.S.C.A. § 1141(d)(1), as pertinent, provides:

Except as otherwise provided in this subsection, in the plan, or in the order confirming the plan, the confirmation of a plan—

  (A) discharges the debtor from any debt that arose before the date of such confirmation, ... whether or not—

    (i) a proof of the claim based on such debt is filed; ...

    (ii) such claim is allowed under section 502 of this title; or

    (iii) the holder of such claim has accepted the plan; ....