### In re UNDERGROUND UTILITY CON-STRUCTION CO., INC., Debtor.

### Bankruptcy No. 80–00326–BKC–TCB.

United States Bankruptcy Court,
S.D. Florida.

Dec. 5, 1983.

Paul Thibeadeau, Palm Beach, Fla., for claimant.

Martin L. Sandler, Miami, Fla., for debtor.

Daniel Bakst, W. Palm Beach, Fla., for trustee.

Irving Gennet, Boca Raton, Fla., trustee.

### ORDER DENYING MOTION TO ALLOW LATE FILING OF CLAIM

THOMAS C. BRITTON, Bankruptcy Judge.

Paul Thibeadeau, a creditor with a substantial claim for legal services, filed his claim three days after the deadline for claims in this case, which was converted from chapter 11 to chapter 7 on April 1, 1983. That order fixed October 14, 1983, as the bar date for claims. The motion was heard on November 29.

■ Claimant mailed his claim to this court on October 6 with the address occupied by this court until January, 1981. The order fixing the bar date for claims as well as the envelope in which it was mailed contained the address occupied by this court since January, 1981. There is at least one other order entered by this court in this case since January, 1981, which was sent to this attorney and which also carried this court's address.

Claimant maintains his office in Palm Beach County, where the Clerk of the District Court maintains an office. Bankruptcy Court papers filed in that office are stamped as filed on that date and forwarded to the Clerk of the Bankruptcy Court routinely and this practice has been followed at least since January, 1981.

There have been no other creditors or litigants who have professed difficulty or confusion in filing court papers with this court from Palm Beach County during the past three years.

I find, therefore, that the delay in filing this claim resulted from claimant's neglect and that it did not result from circumstances beyond the reasonable control of the claimant. For that reason, the motion must be denied.

However, I am also convinced that this court is without discretion. B.R. 3002(c) is controlling. That rule specifies six exceptions to the deadline required by the present rules which became effective on April 1, 1983. None of these exceptions is applicable here.

Claimant received the full benefit of the previous rule, B.R. 302(e) which provided a longer period for the filing of claims, but was otherwise similar to the present rule. Both Rules are patterned after § 57n of the former Bankruptcy Act of 1898 as amended. None of these provisions have ever authorized any discretion to relax or extend the deadline for the filing of claims. *In re Imperial Sheet Metal, Inc.,* 352 F.Supp. 1149 (M.D.La.1973); *Matter of Emerald Green Corp.,* 9 C.B.C. 780 (Bkrtcy.S.D.N.Y.1976).

Claimant relies on *In re Holzer,* 20 C.B.C. 227 (Bkrtcy.S.D.N.Y.1979) in which a bankruptcy court held that the filing of a claim one day late was de minimis and permitted the filing *nunc pro tunc.* I disagree with my colleague's reasoning and conclusion, which is not only in conflict with the clear weight of authority, but is in apparent direct conflict with the holding of another colleague in that same court in *Emerald Green Corp., supra,* which also involved a claim filed one day late. I do not agree that the facts there (or here) fall within the possible area of discretion recognized in *Fausett v. Murner,* 402 F.2d 961, 963 (5th Cir.1968).

To permit one creditor to file a late claim necessarily reduces the possible recovery for all other creditors. Those creditors met the requirements of the statute and the rules.

There is no way that they may be heard on this creditor's application that he be excepted from those rules. The other creditors are entitled to assume that this court will enforce the rules in the distribution of this estate.

The motion is denied.