**In re SOLVATION, INC., Debtor.**

**Bankruptcy No. 4–84–00498–G.**

United States Bankruptcy Court,
D. Massachusetts.

April 29, 1985.

Judy O'Neill, Hale & Dorr, Martin M. Wood, Boston, Mass., for debtor/Solvation, Inc.

Herbert Zimmerman, Wayland, Mass., George P. Ritter, Pachter, Gold & Schaffer, Los Angeles, Cal., for creditor/J.M. Rose.

## MEMORANDUM AND ORDER IN RESPONSE TO A CREDITOR'S a) MOTION FOR RECONSIDERATION OF AN ORDER DISCHARGING A DEBT AND b) REQUEST TO FILE A PROOF OF CLAIM LATE

PAUL W. GLENNON, Bankruptcy Judge. .

This matter comes before the Court on a motion to reconsider this Court's January 30, 1985 order confirming the discharge of any claims against Solvation, Inc. (the "Debtor") by J.M. Rose, Inc. ("Rose"), an accounting corporation. Because the basis for the Court's grant of the discharge of Rose's claim was the absence of a filing of a proof of claim by Rose, Rose included in its memorandum in support of its motion for reconsideration a request to file a late proof of claim.

### FACTS

The Debtor filed a voluntary Chapter 11 petition on October 5, 1984. In its schedules and statement of affairs, the Debtor scheduled Rose's claim as contingent. The Debtor had filed a suit in the United States District Court, District of Massachusetts against Rose on November 8, 1983. On December 2, 1983, Rose filed an answer to the Debtor's complaint and a counterclaim against the Debtor asserting misrepresentation. On June 12, 1984 the entire suit was transferred to the United States District Court, District of California.

Counsel of record in the above-mentioned suit was originally Herbert E. Zimmerman ("Zimmerman") of Wayland, Massachusetts. On February 6, 1985, Rose filed a notice of substitution of Pachter, Gold & Schaffer of Los Angeles, California ("Rose's California attorneys") for Zimmerman.

On November 8, 1984, the Debtor mailed to Rose at 23046 Oxnard Street, Wooland Hills, California,[1] a copy of the Order Fix-

---

1. This address was listed for Rose on the Debt-   or's list of creditors and schedules filed with its

ing Bar Dates for Filing of Proofs of Claim. Among the dates listed in that order was the December 17, 1984 bar date for all claims other than those for damages caused by the Debtor's rejection of executory contracts.

On January 2, 1985, the Debtor filed an objection to Rose's claim and noticed a hearing on the objection for January 30, 1985 in Worcester, Massachusetts. Zimmerman was the attorney serviced for Rose, not Rose's California attorneys.

On January 28, 1985, the Debtor withdrew its objection to the claim and filed a request for an order discharging the debt. Again, service was made on Zimmerman and not on Rose's California attorneys, but the withdrawal and the request were forwarded to California.

Rose's California attorneys interpreted the withdrawal to be a withdrawal also of the January 30, 1985 hearing and did not, consequently, make an appearance on that day. The hearing was held, however, and this Court entered an order disallowing Rose's claim because Rose had not timely filed a proof of claim.

In response to the Debtor's request to disallow Rose's claim, Rose filed an objection on February 4, 1985. The objection arrived after the request had already been granted by the January 30, 1985 order, causing the Debtor to file, on February 11, 1985, a response noting that fact.

A copy of the Court's January 30, 1985 order was subsequently received on February 11, 1985 by Rose's California attorneys. On February 14, 1985, Rose filed a Motion for Reconsideration of the January 30, 1985 Order and, on April 4, 1985, filed both a memorandum in support of that motion and a proof of claim.

On April 8, 1985, the Debtor filed its objection both to the motion for reconsideration and the proof of claim. A hearing on the motion was held on April 9, 1985.

## DISCUSSION

As a basis for the reconsideration, Rose asserts that its California attorneys had had no notice of the January 30, 1985 hearing or the Debtor's request for an order confirming the discharge of the Debtor's contingent debt to Rose. Rose also asserts that there were facts material to Rose's claim which were not before the Court on January 30 and which the Court could not have considered in entering its order. The main thrust of Rose's motion for reconsideration, as evidenced by its memorandum in support of its motion, is to receive from this Court an extension of time in which to file a late proof of claim.

■ The enlargement of time with respect to acts required under the bankruptcy rules is generally achieved via Bankruptcy Rule 9006(b).[2] The court's authority to extend a time requirement is not unlimited, however, and the extension made with respect to certain rules is "only to the extent and under the conditions stated" in those rules. Rule 9006(b)(3). The rule which establishes the time in which a proof of claim must be filed, Rule 3002(c), is subject to that limitation. "Excusable neglect", the standard generally applied when using Rule 9006(b), is not, therefore, used by the Court in determining whether or not to allow a claim to be filed after the expiration of time permitted under Rule 3002(c). *In re Kennedy*, 40 B.R. 558 (Bankr. N.D.Ala.1984). Rather, the Court applies the standard set by the rule itself, which specifically lists only six exceptions under which an extension may be granted. As none of the six is applicable in this case, the Court must look for other authority by which to grant the extension for the late filing of a proof of claim.

■ As stated in *In re Evanston Motor Co., Inc.*, 26 B.R. 998, 1001 (N.D.Ill. 1983), a claim is "more than merely a debt owed the creditor by the estate, it also

petition.

**2.** Rule 9006(b) permits the court to enlarge the period of time for performing an act after the

expiration of the original period of time "where the failure to act was the result of excusable neglect."

denotes the creditor's intention to attempt to pursue the estate's liability on the debt." As a demand made against the estate, a proof of claim must be properly filed within the time limits set by the court so that Congress' objective of finality in bankruptcy cases may be achieved. *Hoos & Co. v. Dynamics Corp.,* 570 F.2d 433, 437–39 (2d Cir.1978). To be properly filed, a claim must appear in the files of the bankruptcy court. *In re Evanston Motor Co., Inc.,* 26 B.R. at 1004. If a formal proof of claim has not been filed prior to the bar date but the bankruptcy record reflects anything to show the existence, nature and amount of a claim, leave can be granted to file an amended proof of claim. *In re Pizza of Hawaii, Inc.,* 40 B.R. 1014, 1016 (D.Hawaii 1984). A creditor cannot rely, however, on the mere listing of the creditor's claim in a debtor's schedule as a basis for a belated amended proof of claim. *In re Greene,* 33 B.R. 1007, 1009 (D.R.I.1983).

In the case, *sub judice,* no formal proof of claim was filed by Rose prior to the December 17, 1984 bar date. Nor was anything else filed in the bankruptcy record which could be classified as a claim for amendment purposes. All that was recorded was a contingent debt listed by the Debtor on its schedules. Since Rose cannot qualify for the filing of an amended claim, this Court must consider other avenues by which to grant an extension.

One such avenue is Rose's assertion that *Pepper v. Litton,* 308 U.S. 295, 305 n. 11, 60 S.Ct. 238, 244, n. 11, 84 L.Ed. 281 (1939), is authority for the granting of an extension for equitable reasons. The court in *In re Pigott,* 684 F.2d 239 at 243 (3d Cir.1982), found, however, that reliance on the dictum in *Pepper* was misplaced, and, consequently, reversed a decision which allowed the

filing of untimely proofs for equitable reasons. The *Pigott* court noted that the issue in *Pepper* was not one of timeliness but of whether the bankruptcy court's equitable powers could be exercised to deny a judgment holder priority when the judgment was fraudulently obtained. Further criticism of the *Pepper* dictum is found in *In re Martin Edsel, Inc.,* 228 F.Supp. 538, 540 (D.N.H.1963). That court called the dictum "misleading" and "dubious commentary on the state of the law". *Id.* (citations omitted). Although the court in *In re Comac Co.,* 402 F.Supp. 43 (E.D. Mich.1975), states that "even dictum is entitled to serious consideration by the lower federal courts when it appears in an opinion by the Supreme Court," *Id.* at 45, the *Comac* court limited its interpretation of the *Pepper* dictum to a grant of equitable powers to the bankruptcy court for the purpose of relieving mistakes induced by error of its own officers.

■ With respect to the claim filed by Rose, there is no showing of inadequate or erroneous notice of the Court's Order Fixing Bar Dates for Filing Proofs of Claim, as was the basis in Comac,[3] for the extension of the period for filing claims. Rose was listed on the list of creditors and schedules filed with the Debtor's petition as being located at "23046 Oxnard Street, Woodland Hills, California 91365." The Debtor, consequently, mailed a copy of the bar date order to that address on November 8, 1984. As no request was made of the Debtor to use a different address and no proof of claim containing a different address was duly filed, this court finds that notice of the bar date was in keeping with Bankruptcy Rule 2002(g)[4] and was, therefore, properly given to Rose.

---

**3.** Despite the fact that "the law should be strictly observed with regard to time limitations for the filing of claims," *In re H. & C. Table Co., Inc.,* 457 F.Supp. 858, 860 (W.D.Tenn.1978), some courts, in addition to the *Comac* court, have in rare circumstances allowed late filed claims. Most have involved a known creditor who had had no notice of the bankruptcy proceeding. *In re Intaco Puerto Rico, Inc.,* 494 F.2d 94 (1st Cir.1974); *In re Harbor Tank Storage Co.,* 385

F.2d 111 (3d Cir.1967); *In re Sullivan Ford Sales, Inc.,* 25 B.R. 400 (Bankr.D.Me.1982).

**4.** Rule 2002(g), as follows, dictates what address is to be used in noticing a creditor of the "date fixed for the filing of claims . . . as provided in Rule 3002(c)." Bankruptcy Rule 2002(a).

Addresses of Notices. All notices required to be mailed under this rule to a creditor, equity security holder, or indenture trustee

■ Rose further asserts that this Court should grant it a filing extension because Rose's California attorneys were never included on the service list in this case. Rose asserts that, when a creditor has received notice but its attorney has not, the bankruptcy court can exercise its equitable power and extend the filing date for claims. *In re H. & C. Table Co.*, 457 F.Supp. 858, 860 (W.D.Tenn.1978). *H. & C. Table* is not authority for that proposition, however, unless the creditor is a government agency and its attorney is the United States attorney. The court in *H. & C. Table* applied its equitable powers and allowed late filed claims because the United States attorney had not been noticed. The *H. & C. Table* court had correctly relied upon Bankruptcy Rule 2002(j)'s requirement that, to be complete, notification of a debt to a government agency must be made not only to the agency but also to the person in the best position to protect the interests of the government, the United States attorney. Rule 2002(j) has no application to Rose's claim, however, leaving Rose without a basis for its request for a filing extension.

Delay in filing this claim may have resulted from the claimant's own confusion as to what was actually proceeding in the bankruptcy court, but that, in and of itself, is not a basis for an extension. Notice of a bar date is clear warning that claims not filed by that date are to be disallowed. Were a claimant uncertain of what constituted the filing of its claim or unclear as to the proceedings of a bankruptcy court, it would be incumbent upon that claimant to take reasonable steps prior to the bar date to insure that all confusion had been clarified and that is rights had been preserved. In the instant case, despite proper notification of the bar date, Rose neglected to file a claim.

■ The bankruptcy court does not have the discretion to permit one creditor to file a late claim and thereby reduce the possi-

ble recovery for all other creditors who met the requirements of the statute and the rules. *In re Pigott*, 684 F.2d 239, 243 (3d Cir.1982); *In re Underground Utility Construction Co., Inc.*, 35 B.R. 588, 589 (Bankr.S.D.Fla.1983). "The other creditors are entitled to assume that this court will enforce the rules in the distribution of this estate." *In re Underground Utility*, 35 B.R. at 589.

### ORDER

In accordance with the above, Rose's motion for reconsideration of this Court's January 30, 1985 Order disallowing any claim by Rose is DENIED as is Rose's request to file a proof of claim late.

shall be addressed as he or his authorized agent may direct in a request filed with the court; otherwise, to the address shown in the list of creditors or the schedule whichever is

filed later, but if a different address is stated in a proof of claim duly filed, that address shall be used.
Bankruptcy Rule 2002(g).