**In re JOB-SITE INDUSTRIES, INC., Debtor.**

**Bankruptcy No. 86–00071–BKC–AJC.**

United States Bankruptcy Court, S.D. Florida.

July 15, 1987.

See also, Bkrtcy., 78 B.R. 332.

James B. McCracken, Trustee, Fort Lauderdale, Fla.

James P. Paul, Haley, Sinagra & Peres, P.A., Fort Lauderdale, Fla., for NCWB.

Jeffrey Haines Beck, Ruden, Barnett, McClosky, Schuster & Russell, P.A., Fort Lauderdale, Fla., for Continental Cement Co.

William Ingraham, Jr., Miami, Fla., for Associates Commercial Corp.

Reggie D. Sanger, Van Kirk, Fort Lauderdale, Fla., for creditors.

Karen Kantner, Britton & Kantner, P.A., Fort Lauderdale, Fla., for Southeast Bank.

Stewart Chambers, Faircloth & Chambers, P.A., Fort Lauderdale, Fla., for debtor.

Arnold Straus, Jr., P.A., Pembroke Pines, Fla., for Chick's Tire.

Frank J. Heston, Coral Springs, Fla., for Robert E. Lee.

Lawrence Gordich, Holland & Knight, Miami, Fla., for Caribank.

William Stalions, Benson, Stalions & Moyle, Fort Lauderdale, Fla., for defendant, South Florida Gunite, Inc.

Liza Siegel, Maurer & Maurer, Fort Lauderdale, Fla., for Associates Capital Services, Corp.

Raymond Ray, Fort Lauderdale, Fla., for Elgrim & Crockett.

A. JAY CRISTOL, Bankruptcy Judge.

## ORDER OVERRULING TRUSTEE'S OBJECTION TO CLAIM OF CHICK'S TIRE SALES INC.

THIS CAUSE, having come on to be heard before me for an evidentiary hearing on May 4, 1987, with the Court having taken testimony, heard argument of counsel and having been fully advised in the premises, it is hereupon

ORDERED AND ADJUDGED:

### FINDINGS OF FACT

1. Chick's Tire Sales, Inc., was listed on the Debtor's original schedule of the Debt-

or's twenty largest creditors as the third largest unsecured creditor with a claim for $21,630.70. The paper showed "amount of claim $21,630.70." Creditor was handed a copy of this Exhibit, attached to Debtor's Voluntary Petition. At this time Debtor had not filed schedules. Thereafter Debtor filed schedules listing Chick's claim as disputed.

2. Chick's Tire Sales, Inc., was never notified that the Debtor listed Chick's claim as a disputed claim.

3. Creditor attended the first meeting of creditors and through its Secretary/Treasurer Warren Koplowitz, volunteered to serve on the Creditors Committee.

4. Warren Koplowitz participated in approximately six meetings of the Creditors Committee throughout calendar year 1986, including several meetings held beyond the bar date.

5. During these meetings, the Trustee and the Trustee's attorney were aware that Mr. Koplowitz was pursuing the claim for Chick's Tire Sales, Inc.

6. Mr. Koplowitz, on behalf of Chick's Tire Sales, Inc. participated actively on the Creditors Committee. He dealt with the Trustee and the Trustee's attorney at Creditor Committee meetings in pursuit of his claim. Mr. Koplowitz was unaware that his claim had been disputed. He was not told of the filing of schedules showing his claim as disputed. He was misled.

7. Upon learning in October 1986, from counsel for the Creditors Committee, that he was still required to file a proof of claim, Mr. Koplowitz promptly filed the claim for Chick's Tire Sales, Inc., in the amount of $21,630.70.

8. Neither the Debtor nor the Trustee disputed the amount of the claim. The only basis for the Trustee's objection was the late filing. Equity dictates that the Trustee should be estopped from using the Bar Date against this claim and two similar claims. Although the positions of Warren Uniform Company, claim 71 and Coastal Ford Truck Sale, claim 72 are not as strong as the position of Chick's Tire Sales, claim 73, they are strong enough. All three claims should be allowed.

## CONCLUSIONS OF LAW

1. Rule 3003(c)(3) authorizes the Court to extend the time for the filing of a proof of claim for cause shown if the creditor can show "excusable neglect" or a reasonable reliance upon certain actions or representations by the Trustee or the debtor. *In re Rite Autotronics, Corp.* 27.B.R. 599 (9th Cir. BAP 1982);

2. Where the creditor serves on the Creditors Committee and establishes that he is actively seeking to recover on his claim, and the Trustee and the Trustee's attorney acknowledge his participation and representation on behalf of that creditor, there is ample record evidence that this creditor is pursuing his claim. *Rite Autotronics*, supra. Active participation by the creditor in the bankruptcy proceeding is a basis for allowing a late filing of claim. *In re South Atlantic Financial Corp.*, 767 F.2d 814 (11th Cir.1985).

3. Where the creditor is not aware that his claim has been disputed and neither the Trustee nor the Trustee's attorney ever so advises him of the dispute during the creditors meetings, due process requires that the creditor be apprised of the dispute. *In re Middle Plantation of Williamsburg, Inc.*, 36 B.R. 873 (Bkrtcy.E.D.Va.1984); see also *Rite Autotronics*, supra. Without notice of the dispute, it was reasonable for Chick's Tire Sales, Inc., to believe that his claim was accepted by the Trustee.

4. In this case, Chick's Tire Sales, Inc., has demonstrated a reasonable reliance upon its participation in the proceeding. Coupled with the failure of the Trustee to advise of the dispute and the fact that the creditor was unaware that his claim was disputed and misled to believe it was properly filed, the creditor's claim should be allowed.

5. There was never any dispute raised by the debtor or the Trustee regarding the amount of the claim.

6. Equity requires that this claim be allowed and that Trustee's objection be overruled. *In re Rite Autotronics, Corp.*