**In re Brenda Gail FORD, Debtor.**

**Bankruptcy No. BK–S–87–00495–LBR.**

United States Bankruptcy Court, D. Nevada.

July 7, 1988.

**642**

## MEMORANDUM DECISION

LINDA B. RIEGLE, Bankruptcy Judge.

### FACTS

The debtor filed a petition for relief under chapter 7, along with her statements and schedules, on March 2, 1987. The first meeting of creditors was set for April 3, 1987, with the bar date for the filing of complaints objecting to discharge and complaints pursuant to section 523(c) set for June 2, 1987. The bar date for filing proofs of claim was set for 90 days after the creditors' meeting.[1] A trustee's report of no distribution was filed on April 20, 1987. The debtor received a discharge on August 7, 1987, and the case was closed on September 23, 1987.

On December 28, 1987, the debtor filed a motion seeking to amend her schedules to include debts owed to GMAC and Nevada Power Company on the ground that the debts were inadvertently omitted when the petition was filed. The motion further requested that the court grant an "amended discharge." In her motion, the debtor alleged that she was first contacted in December 1987 by a collection agency concerning the above debts. At that time the agent indicated that she owed in excess of $3,000 to GMAC for a deficiency on a 1984 pickup truck which was repossessed in April 1985, and $180 on a bill to Nevada Power Company. The debtor further alleged that the agent stated that the files had been "on his desk for some time."

In support of her argument that the omissions were unintentional, the debtor stated that she had never received any notice of sale of the vehicle or of any claims to a deficiency, and had assumed she would have no liability for the vehicle after it was repossessed. The Nevada Power debt was one which she admitted she had merely "forgotten." This court permitted the case to be reopened for the

Christopher G. Gellner, Las Vegas, Nev., for debtor.

---

1. While this case was a "no asset" case, the procedure authorized by Bankruptcy Rule 2002(e) was not used and a bar date was set. Accordingly, the cases cited by the debtor, *In re* *Taylor*, 54 B.R. 882 (Bankr.E.D.Va.1985) and *In re Meile*, 36 B.R. 719 (Bankr.S.D.Ill.1984) are not applicable to the present proceeding.

purpose of considering whether the relief requested was appropriate.

## DISCUSSION

Reopening a case pursuant to 11 U.S.C. § 350(b) cannot act as a panacea for a debtor's failure to list all creditors. Indeed reopening is, in large measure, irrelevant to the key issue—that of discharge of the omitted debts. The discharge of a debt which is not scheduled is controlled by 11 U.S.C. § 523(a)(3). That section provides:

> (a) A discharge under section 727, 1141, 1228(a), 1228(b), or 1328(b) of this title does not discharge an individual debtor from any debt—
>
> (3) neither listed nor scheduled under section 521(1) of this title, with the name, if known to the debtor, of the creditor to whom such debt is owed, in time to permit—
>
> (A) if such debt is not of a kind specified in paragraph (2), (4), or (6) of this subsection, timely filing of a proof of claim, unless such creditor had notice or actual knowledge of the case in time for such timely filing; or
>
> (B) if such debt is of a kind specified in paragraph (2), (4), or (6) of this subsection, timely filing of a proof of claim and timely request for a determination of dischargeability of such debt under one of such paragraphs, unless such creditor had notice or actual knowledge of the case in time for such timely filing and request.

■ Thus, to state the obvious, a debt cannot be discharged, absent a creditor's actual knowledge or notice of a case, if such knowledge or notice did not come in time to make the specified filings. *In Re Laczko*, 37 B.R. 676 (9th Cir. BAP 1984), *aff'd* (without opinion), 772 F.2d 912 (9th Cir.1985). In *Laczko*, the debtors amended their schedules after the bar date for filing proofs of claim but before the case was closed.[2] The debtors then filed an action to determine the dischargeability of the omitted debt. *See* Bankruptcy Rule 4007(a). The bankruptcy court granted summary judgment in favor of the creditor and the appellate panel affirmed.

In affirming, the court described the two lines of authority which had developed under the analogous provision of the Bankruptcy Act.

> The liberal rule is best illustrated by *Robinson v. Mann*, 339 F.2d 547 (5th Cir.1964) where the court held that bankruptcy courts have the discretion to invoke their equity powers to allow amendment of schedules after the expiration of the claims period under exceptional circumstances, and the court suggested such circumstances exist where (1) the case is a no-asset one, (2) there is no fraud or intentional laches, and (3) the creditor was omitted through mistake or inadvertence.
>
> The leading case advocating a stricter construction of § 17(a)(3) is the case of *Milando v. Peronne*, (2nd Cir.1946) 157 F.2d 1002 [sic] where the court refused to allow the debtor to reopen bankruptcy proceedings in a no-asset case to amend schedules to include an inadvertently omitted claim and permit discharge of that debt. The court stated, ".... he who seeks the protection of a statutory bar against payment of his debts is required to bring himself within the provisions of the statutory grant." 157 F.2d at 1004.

*In re Laczko*, 37 B.R. at 678.

While the court in *Laczko* noted that Congress, in adopting the Code, had not specifically overruled the exceptional circumstances doctrine set forth in *Robinson*, it nonetheless elected to follow the "strict" approach based upon the clear language of the Code and the reasoning of *Milando*. *Laczko*, 37 B.R. at 679. Hence, even though the omission of the creditor by the debtor was unintentional and not a result of fraud, the debt, absent notice or actual knowledge of the case by the creditor, was nondischargeable. *Id.*

This result cannot be avoided by remedial measures such as an extension of the

---

**2.** Because the case was not closed, the debtors had the absolute right to amend their schedules and did not need to seek to reopen. Bankruptcy Rule 110 (now 1009), 37 B.R. at 678.

**644**

time to file proofs of claims or, in actions involving debts otherwise nondischargeable under section 523(a)(2), (4), or (6), an extension of the time to file a complaint. *Cf., e.g., In re McNeil*, 13 B.R. 743 (Bankr.S.D. N.Y.1981) (where time for filing proofs of claim has passed, reopening a case to amend schedules to add an omitted creditor will not affect the dischargeability of the debt since such amendment will not relate back to a time prior to the claims bar date for purposes of section 523(a)(3)(A)).

Bankruptcy Rule 3002(c) governs the time for filing proofs of claim in chapter 7 cases and provides: "In a chapter 7 liquidation or chapter 13 individual's debt adjustment case, a proof of claim shall be filed within 90 days after the first date set for the meeting of creditors called pursuant to section 341(a) of the Code...." [3] Rule 4007(c) governs the time to file complaints pursuant to section 523(c). That rule provides:

A complaint to determine the dischargeability of any debt pursuant to § 523(c) of the Code shall be filed not later than 60 days following the first date set for the meeting of creditors held pursuant to § 341(a). The court shall give all creditors not less than 30 days notice of the time so fixed in the manner provided in Rule 2002. On motion of any party in interest, after hearing on notice, the court may for cause extend the time fixed under this subdivision. *The motion shall be made before the time has expired.* (Emphasis added).

Rule 9006(b) governs the authority of the court to grant "an extension of time." That rule provides in pertinent part:

(1) *Except as provided in paragraphs (2) and (3) of this subdivision,* when an act is required or allowed to be done at or within a specified period by these rules or by a notice given thereunder or by order of court, the court for cause shown may at any time in its discretion (1) with or without motion or notice order

the period enlarged if the request therefor is made before the expiration of the period originally prescribed or as extended by a previous order or (2) on motion made after the expiration of the specified period permit the act to be done where the failure to act was the result of excusable neglect.

(3) The court may enlarge the time for taking action under Rules 1006(b)(2), 3002(c), 4003(b), 4004(a), 4007(c), 8002, and 9033, *only to the extent and under the conditions stated in those rules.*[4] (Emphasis added).

Accordingly, pursuant to Rule 9006(b)(3), once the deadline imposed by Rule 4007(c) for filing complaints objecting to the dischargeability of a debt has passed, the court has no discretion to extend such time despite a showing of "excusable neglect." *In re Hill*, 811 F.2d 484 (9th Cir.1987); *In re Ricketts*, 80 B.R. 495 (9th Cir. BAP 1987); *In re Fauchier*, 71 B.R. 212 (9th Cir. BAP 1987); *In re Rhodes*, 61 B.R. 626 (9th Cir. BAP 1986). Similarly, pursuant to Rule 9006(b)(3), the court has no discretion in this case to extend the time to file a proof of claim. *See, e.g., In re Solvation*, 48 B.R. 670, 672 (Bankr.D.Mass.1985) (pursuant to Rule 9006(b), an enlargement of the time period provided by Rule 3002(c) may only be granted according to the terms of Rule 3002(c)); *In re Crouthamel Potato Chip Co.*, 43 B.R. 937, 939–940 (Bankr.E.D.Pa. 1984), *aff'd in part, vacated and remanded in part on other grounds*, 52 B.R. 960 (Bankr.E.D.Pa.1985), *rev'd on other grounds*, 786 F.2d 141 (3d Cir.1986); *In re Kennedy*, 40 B.R. 558, 560 (Bankr.N.D.Ala. 1984). *See also* 8 *Collier on Bankruptcy*, ¶ 3002.05 at 3002–15 (15th ed. 1988).

While this court cannot, for the reasons stated, reopen and enter an order granting discharge, it may reopen for purposes of permitting an action to be filed to determine the dischargeability under sec-

---

**3.** While certain exceptions to the bar date are listed in Rule 3002(c), none are applicable to the facts of this case.

**4.** While Rule 9006 is perhaps confusing, the Advisory Committee note to Rule 9006 makes it clear that if a specific rule is set forth in paragraph 3, the discretionary extension permitted by virtue of paragraph 1 is inapplicable.

tion 523(a)(3). *See, e.g., In re Gratrix,* 72 B.R. 163 (Bankr.D.Alaska 1984).[5] If the debtor can establish that an omitted creditor had notice or actual knowledge of the bankruptcy in time to file a timely proof of claim, then that omitted debt will be discharged pursuant to section 523(a)(3)(A).

Accordingly, the debtor and/or the creditors shall have 60 days to file a complaint pursuant to section 523(a)(3). If at the expiration of such period, no complaint has been filed, this case will be closed.

---

**5.** Similarly, this court could, in light of the concurrent jurisdiction of a state court on the section 523(a)(3) issue, decline to consider the dischargeability of the debt. *See, e.g., In re Iannacone,* 21 B.R. 153 (Bankr.D.Mass.1982).