**In re AMWC, INC., d/b/a American Wholesale Club, Debtor.**

**Bankruptcy No. 388–33711 RCM–11.**

United States Bankruptcy Court, N.D. Texas, Dallas Division.

June 28, 1989.

Gerrit M. Pronske, Dallas, Tex., for debtor.

D. Craig Brinker, Dallas, Tex., for claimant.

## MEMORANDUM OPINION

ROBERT McGUIRE, Chief Judge.

This case comes before the court as a result of an objection filed by the debtor, AMWC, Inc., d/b/a American Wholesale Club ("AMWC") to a claim of $113,913.99 held by Tobacco Sales Company ("Tobacco") on the grounds that Tobacco failed to file a timely proof of claim. The court heard oral argument on March 10, 1989 and the parties later submitted briefs. Tobacco filed an amended supplemental affidavit on May 26, 1989, which the parties stipulated the Court could consider as evidence. The Court has jurisdiction over this matter as a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(B) and this opinion constitutes its Findings of Fact and Conclusions of Law as required by Bankruptcy Rule 7052.

The facts surrounding the dispute are as follows: AMWC filed under Chapter 11 of the Bankruptcy Code on June 20, 1988. The debtor scheduled Tobacco in its Schedules and Statement of Affairs as a disputed claim. Counsel for Tobacco, an outside law firm, filed a notice of appearance on July 7, 1988. Tobacco's outside attorney ("Attorney") testified:

1. In July of 1988, prior to the establishment of the Bar Date, Tobacco Sales Co. requested ... [Attorney] to prepare and file a Proof of Claim on its behalf in this matter.

2. ... [Attorney] was solely responsible for the preparation and filing of the Proof of Claim for Tobacco Sales Co.

3. ... [Attorney] advised Tobacco Sales Co. that a Notice of Appearance had been filed by his firm so that the firm would receive all notices from the Debtor, and that it would not be necessary to forward all papers received by Tobacco Sales Co. to the firm.

4. ... [Attorney] did not receive notice of the Bar Date.

Debtor does not, in any manner, dispute this testimony. AMWC never served Tobacco's Attorney with a notice of the bar date, Plan of Reorganization ("Plan") or Disclosure Statement. Tobacco, the creditor, received notice of the October 26, 1988 bar date for filing a proof of claim. Tobacco failed to file a proof of claim but voted in favor of the Plan. AMWC confirmed a Plan on December 22, 1988. On January 24, 1989, AMWC filed an objection to Tobacco's claim on the grounds that the creditor did not file a claim prior to the October 26, 1988 bar date. Tobacco's claim is in the amount of $113,913.99. Although the claim is listed as disputed, the evidence showed that less than twenty percent of the claim is allegedly in *bona fide* dispute. Bad faith of AMWC in listing the claim as disputed was not proven or alleged by Tobacco. The Plan provides for a ten percent dividend to the unsecured creditors. There is no showing that proper disposition of this claim has delayed or will delay the administration of this estate, or will prejudice AMWC's reorganization.

Tobacco now requests the Court grant permission to extend the time period for it to file its claim under Bankruptcy Rule 9006(b) and 3003(c). Tobacco argues that the failure of its counsel to timely file a claim stems from the fact that, despite its filing a notice of appearance, counsel was never served with notice of the bar date. The issue for the Court is, when counsel, who has been delegated responsibility for filing a claim by a creditor, files a notice of appearance under Bankruptcy Rule 2002(g), does the failure to notify such counsel of the bar date excuse the nonfiling of a claim where the creditor *itself* received notice of the bar date and all other notices related to the bankruptcy?

■ First, this court begins its review of the applicable Bankruptcy Rules. Rule 3003(c)(3) provides that a court can extend time for the filing of a claim for "cause shown". This Rule must be read in conjunction with Rule 9006(b) which dictates that deadlines can be extended "on motion made after the expiration of the specified period permit the act to be done where the failure to act was the result of excusable neglect".[1]

■ "Excusable neglect" has been defined by the Eleventh Circuit as "the failure to timely perform a duty was due to circumstances which were beyond the reasonable control of the person whose duty it was to perform". *In re South Atlantic Financial Corp.*, 767 F.2d 814 (11th Cir. 1985), *cert. denied*, 475 U.S. 1015, 106 S.Ct. 1197, 89 L.Ed.2d 311 (1986). Deciding whether failure to file a claim was truly beyond the control of the responsible party is a fact-specific determination. *In re Dix*, 95 B.R. at 134. Little pattern among the cases exists. Clearly, a creditor who receives no notice of a bar date can receive permission from a Bankruptcy Court to file a late proof of claim. *In re Spring Valley*

---

**1.** Some debate exists as to whether the controlling standard for extending a Bar Date is "for cause" under Rule 3003(c) or for "excusable neglect" under Rule 9006(b). Cases holding the "for cause" standard controls include *In re Herd,* 840 F.2d 757 (10th Cir.1988); *In re Standard Metals, Corp.,* 48 B.R. 778 (D.Col.1985); *In re Terex,* 45 B.R. 290 (Bankr.N.D.Ohio 1985). Collier's argues that "the standard to be applied by the court is simply not the standard of excusable neglect". King, *Collier on Bankruptcy* ¶ 3003.05 at 3003–11 (15th ed. 1989). Other courts hold that the "for cause" requirement must be read in conjunction with the "excusable neglect" standard. *In re Vertientes,* 845 F.2d 57 (3rd Cir.1988); *In re South Atlantic Financial Corp.,* 767 F.2d 814 (11th Cir.1985), *cert. denied,* 475 U.S. 1015, 106 S.Ct. 1197, 89 L.Ed.2d 311 (1986); *In re Dix,* 95 B.R. 134 (9th Cir. BAP 1988); *In re Arrow Air, Inc.,* 75 B.R. 375 (Bankr. S.D.Fla.1987); *In re Wm. B. Wilson Mfg. Co.,* 59 B.R. 535 (Bankr.W.D.Tex.1986). One Circuit has held that the standard set forth in Federal Rule of Civil Procedure 60(b)(1) of "mistake, inadvertence, surprise or excusable neglect" is the correct standard. *Maressa v. A.H. Robins Company, Inc.,* 839 F.2d 220 (4th Cir.1988). *Also see,* Pearson, *Deadlines: The Snafu Exception and Excusable Neglect,* NORTON BANKRUPTCY LAW ADVISER (June, 1989).

*Farms,* 863 F.2d 832 (11th Cir.1989); *Reliable Electric Co., Inc. v. Olson Construction Co.,* 726 F.2d 620 (10th Cir.1984). Mere knowledge of a bankruptcy proceeding cannot substitute for the creditor's receipt of actual notice of the bar date. *In re Yoder Co.,* 758 F.2d 1114 (6th Cir.1985). A creditor's notice of a bankruptcy filing does not put a duty on the creditor to inquire about possible orders limiting time for filing claims. *City of N.Y. v. N.Y., N.H. & H. R. Co.,* 344 U.S. 293, 73 S.Ct. 299, 97 L.Ed. 333 (1953).

However, in the case presently before the court, the creditor did receive notice. A review of the facts in the similar cases produces conflicting results. In *In re Solvation, Inc.,* 48 B.R. 670 (Bankr.D.Mass. 1985), a creditor changed law firm representation and the incorrect firm was served with a copy of the bar date. Despite the fact the incorrect firm was served, these circumstances did not warrant an extension of the bar date. In *In re Solvation, Inc.,* the court noted:

> With respect to the claim filed by Rose, there is no showing of inadequate or erroneous notice of the Court's Order Fixing Bar Dates for Filing Proofs of Claim, as was the basis in Comac, for the extension of the period for filing claims. Rose was listed on the list of creditors and schedules filed with the Debtor's petition as being located at '23046 Oxnard Street, Woodland Hills, California 91365.' The Debtor, consequently, mailed a copy of the bar date order to that address on November 8, 1984. *As no request was made of the Debtor to use a different address and no proof of claim containing a different address was duly filed,* this court finds that notice of the bar date was in keeping with Bankruptcy Rule 2002(g) and was, therefore, properly given to Rose.

*Id.,* at 673 [emphasis added, footnotes omitted]. However, in *In re Williams,* 51 B.R. 627 (Bankr.S.D.Ohio 1985), despite the debtor's special knowledge that a particular creditor was represented by an attorney, the debtor did not serve the attorney with notice of the bar date. The court held that, under the special circumstances of that case, the attorney was entitled to be served with notice of the bar date and the creditor was entitled to relief. The Court further pointed out that the creditor is not normally entitled to rely upon the failure to notify its attorney in a case in the absence of an entry of appearance by its counsel on behalf of the creditor. In another case, the creditor's lawyer received no notices, however, the creditor did receive notices. There was no showing in the case that the attorney filed a notice of appearance. The court held that the client's receipt of notice was adequate notice. *In re Jackson,* 98 B.R. 738 (Bankr.D.Md.1986).

The above authority must be considered against the background provided by the latest word from the Fifth Circuit on late filing of proof of claims in the *Matter of Robintech,* 863 F.2d 393 (5th Cir.1989). In this case, the Comptroller's office filed a proof of claim two days past the bar date. The Circuit uses strong language in denying the creditor's request. In describing the bankruptcy process, the Circuit says:

> ... creditors play a zero-sum game in which a failure to navigate effectively through various intricate procedures can mean total defeat.... exceptions cannot be made every time a creditor claims hardship.

863 F.2d at 398. The Circuit discusses at length the fact that the Comptroller's office is a "frequent player in the bankruptcy arena" and basically should know better.

A creditor's participation in a case has been cited as a factor in allowing a late-filed claim. *In re Job–Site Industries, Inc.,* 78 B.R. 335 (Bankr.S.D.Fla.1987); 8 *Collier on Bankruptcy* ¶ 3003.05 at 3003–12 (15th ed. 1988). In *Job–Site,* the court held that active participation in the case by a creditor, together with failure by the debtor or trustee to call attention to the creditor's need to file a claim led to allowance of a late-filed claim. While this approach appears somewhat questionable as opening a potential Pandora's box, the estoppel facts relied upon by the *Job–Site* court were not developed in the record of the present case. In *In re Burke,* 76 B.R. 62 (Bankr.D.Vt.1987), the creditor's active

participation seemed to be grounds for disallowance of the filing of a late claim, however, the court characterized the creditor's not filing the claim on time as a tactical decision of a sophisticated creditor.

The creditor has the burden of proof to prove excusable neglect. *In re Horn Construction and Maintenance, Inc.*, 32 B.R. 87 (Bankr.S.D.Ala.1983), *In re OPM Leasing Services, Inc.*, 48 B.R. 824 (D.C.S. D.N.Y.1985).

The excusable neglect test, as set forth in *In re South Atlantic Financial Corp.*, was whether the failure to perform was beyond the reasonable control of the person whose duty it was to perform. *See also, In re Lopez*, 39 B.R. 433, 434 (Bankr. D.R.I.1984). Tobacco's counsel testified that Tobacco delegated responsibility for the filing of the proof of claim to counsel. Counsel accepted the responsibility and filed a notice of appearance on July 7, 1988. Counsel testified he relied upon the debtor to comply with Bankruptcy Rule 2002(g) to obtain notice of the bar date. Counsel for Tobacco advised Tobacco it would not be necessary for Tobacco to transmit copies of notices it received since the debtor was required to send them to counsel directly. The debtor never served counsel as required by 2002(g). Counsel for Tobacco apparently did nothing on the file before the bar date but file a notice of appearance.

Tobacco's agent was chairman of the Creditors' Committee and voted on the Plan. This shows that Tobacco did not delegate all bankruptcy matters to its counsel.

It is difficult to accept as fully credible that Tobacco never communicated anything about the case to its Attorney who allegedly was accepting full responsibility for filing of the proof of claim. However, for purposes of this opinion, such evidence will be accepted as credible.

Excusable neglect did not exist to permit the late filing of the proof of claim. The Attorney's advice to Tobacco that "it would not be necessary to forward all papers received by Tobacco Sales Co. to the firm" was not reasonable and was a substantially contributing factor to what occurred in this case. A bar date can appear in various bankruptcy orders. In this case, the notice of bar date was mailed out to the creditor on August 19, 1988. Additionally, when Tobacco received actual notice of the bar date, its failure on its own to forward same to its Attorney or to communicate with its counsel was not reasonable and was a substantially contributing factor to what occurred in this case. Thus, there were two instances, *i.e.*, with the Attorney and with the creditor where such parties had circumstances within their control which they neglected and which would have prevented the missing of the bar date in this case.

An order will be entered in accordance with the foregoing opinion.

## ORDER ON CLAIM OF TOBACCO SALES COMPANY

For the reasons stated in the Memorandum Opinion signed this date, the Court finds that the following order is proper;

It is ORDERED that the objection of AMWC, Inc., d/b/a American Wholesale Club, Debtor, to the claim of Tobacco Sales Company be and the same is hereby sustained, and the motion for extension to file such claim late is denied.