**In re HUGH MENEFEE, INC., Debtor.**

**Bankruptcy No. 83–00557.**

United States Bankruptcy Court, D. Hawaii.

Sept. 4, 1990.

Susan Tius, Honolulu, Hawaii, for trustee.

H. William Burgess, Honolulu, Hawaii, for claimants.

### FINDINGS OF FACT AND CONCLUSIONS OF LAW RE: OBJECTION TO CLAIMS

JON J. CHINEN, Bankruptcy Judge.

Edward J. Stanley ("Trustee"), Successor Trustee, filed an Objection to Allowance of Claims objecting to certain Proofs of Claim filed by James Watson Byrer ("Mr. Byrer") and Julie Byrer ("Mrs. Byrer") in the instant case. The Court heard the testimony of Mrs. Byrer and the arguments of counsel at hearings on the objection held on December 15, 1989 and July 2, 1990. The Court, having reviewed the memoranda submitted, the records herein, and having duly considered the evidence and arguments of counsel, makes the following Findings of Fact and Conclusions of Law.

### FINDINGS OF FACT

1. On November 16, 1983, Mr. Byrer, President and sole shareholder of the Debtor, authorized and directed the filing by the Debtor of a Voluntary Petition under Chapter 7.

2. The Statement of Financial Affairs and Schedules of Liabilities and Property were filed on December 16, 1983.

3. Mrs. Byrer, the wife of Mr. Byrer and the Vice President and Secretary of the Debtor, testified that the Schedules of Liabilities were prepared under the supervision of Mr. Byrer and that Mr. Byrer determined which claims were listed thereon as disputed and which claims were listed thereon as allowed. Ralph Aoki ("Mr. Aoki") served as Trustee from November 17, 1983 to the appointment of the Successor Trustee, Edward J. Stanley on December 24, 1986.

4. The Bankruptcy Court Clerk's Office sent to creditors copies of the Order for Meeting of Creditors and Fixing Times for Filing Objections to Discharge and for Filing Complaints to Determine Dischargeability of Certain Debts, Combined with Notice Thereof and Automatic Stay entered on December 22, 1983.

5. The Order, among other things, states:

A claim form may be filed in the office of the Clerk of the Bankruptcy Court at Room C–225, PJKK Federal Building, 300 Ala Moana Blvd., P.O. Box 50121, Honolulu, Hawaii 96850 on or before *APRIL 11, 1984*, on an official form prescribed for a proof of claim.

6. The Certificate of Service filed by the Clerk's Office for the aforementioned Order shows mailing to Mr. Byrer.

7. There are no claims filed by Claimants with the Bankruptcy Court prior to the bar date of April 11, 1984.

8. Claimants filed the following four claims three months after the bar date:

A. Proof of Claim filed on July 20, 1984 by Mr. Byrer in the amount of $7,050.49 for "unreimbursed expenses".

B. Proof of Claim filed on July 20, 1984 by Mr. Byrer in the amount of $226,000.00 for two years of salary.

C. Proof of Claim filed on July 20, 1984 by Mr. Byrer in the amount of $22,451.97 as co-signer of a promissory note secured by second mortgage for indebtedness of debtor.

D. Proof of Claim filed on July 20, 1984 by Claimants in the amount of $97,694.56 for a second mortgage plus promissory notes secured by second mortgage.

9. Claimant's Proof of Claim for the second mortgage loan in the amount of $97,694.56 has been satisfied.

10. The Trustee objects to the remaining three proofs of claim on the ground that the Claimants failed to timely file the claims.

11. Claimants contend that:

A. Claimants did file timely formal Proofs of Claim which, for some reason, are not in the Bankruptcy Court claims file nor noted on the claims register.

B. Mr. Byrer's signing of the Debtor's schedules listing two of Claimant's claims constitutes informal Proofs of Claim under which the claims must be allowed.

12. The Trustee's attorney at the hearing represented that there is approximately $75,000.00 of funds in the Estate, and that the total allowed unsecured claims are approximately $140,000.00, exclusive of claims of Claimants of approximately $241,000.00.

13. These Findings of Fact shall be considered Conclusions of Law.

## CONCLUSIONS OF LAW

1. Claimants allege that, while they prepared Proofs of Claims and mailed them in on time, they later learned from Mr. Aoki, the Former Trustee, that the claims were not filed with the Court.

2. Claimants delayed a full three months after the bar date of April 11, 1984 before filing their late claims on July 20, 1984.

3. Mr. Byrer, the sole shareholder of the Debtor and the Debtor's President, authorized and directed the filing of the bankruptcy petition. Mr. Byrer supervised the preparation of the Debtor's Schedule of Liabilities and determined which claims would be listed as disputed and which would be listed as allowed.

4. Mrs. Byrer is the Vice President and Secretary of the Debtor and assisted Mr. Byrer in acting as the Debtor's representative in the bankruptcy proceeding. Claimants worked together in the case with the law firm of Damon Key Char & Bocken, who were the Debtor's attorneys in the case.

5. Under the circumstances, Claimant's failure to ascertain that their allegedly timely-sent claims were not filed with the Bankruptcy Court Clerk's Office is neglectful. They easily could have requested that the law firm assist in delivery of the claims to Court. Alternatively, they simply could have sent an extra copy of their claim and requested that the Court return to them a file-stamped copy showing its receipt (or in this case, the lack of a response would have indicated nonreceipt.) Further, they could have inquired at the Bankruptcy Court Clerk's Office to confirm that the claims were on file.

6. Claimants complain that they have disposed of their records relating to the case and allege that they could have substantiated the early mailing of their first formal Proofs of Claims. Claimants are very much aware that they have not been paid on their claims. Their choice to destroy their records before the administration of the case has been completed does not relieve them of the burden of proving that they properly filed claims.

7. Objections to claims properly may be made by the Trustee at any time under Bankruptcy Rule 3007:

Rule 3007 sets no time limit within which the Trustee must object to the allowance of a claim. A cutoff date would be inap-

propriate for, in many cases, it may not be known until late in the administration of the case whether there will be any dividend so that a useful purpose would be served by the making of the objection by the Trustee. Inasmuch as a claim is deemed allowed, the creditor holding such claim can hardly be prejudiced if the Trustee does not take prompt action to object to the claim, for until objection is taken and sustained, that claim stands on equal footing with all other allowed claims for purposes of distribution of the Debtor's assets. When the Trustee is satisfied that the claim is vulnerable to challenge, the Trustee takes the necessary action and if elementary elements of due process are satisfied to the extent that the procedural and notice requirements are met, the creditor can hardly complain.

3 *Collier on Bankruptcy*, 15th Ed., ¶ 502, pages 502-15-6.

■ 8. The time for filing claims fixed by Rule 3002(c) constitutes a statute of limitations and it may not be extended by the Court once it has expired. *In re Sullivan*, 36 B.R. 771 (Bankr.E.D.N.Y.1984); *In re Ford*, 87 B.R. 641 (Bankr.Nev.1988). The Court has no equitable power to extend the time, not even for excusable neglect. *In re Solvation, Inc.*, 48 B.R. 670 (Bankr.Mass.1985).

■ 9. The Court concludes that Claimants have not met their burden of proof that they have timely submitted their proofs of claims where they have not been able to produce any evidence of their alleged filing of timely claims.

10. Claimants caused preparation of the Schedules of the Debtor filed in the case on December 7, 1983. The Schedules list two claims of the Byrers: (1) a claim for salary by Mr. Byrer of $233,050.49, and (2) a secured claim of $85,942.36 by Claimants for a second mortgage loan against Apartment No. 134 of the Sugar Beach condominiums. The apartment was auctioned by Mr. Aoki and sold to Claimants who were paid by a credit of the amounts owed to them by the Debtor. Therefore, of the two claims listed by Claimants on the Debtor's Schedules, the only outstanding claim is Mr. Byrer's salary claim scheduled in the amount of $233,050.49.

11. Claimants filed four Proofs of Claims. The $7,050.49 claim by Mr. Byrer for "unreimbursed expenses" is not shown on the Schedules. The $22,451.97 plus interest claim by Claimants as co-signer with the Debtor of a promissory note dated October 27, 1983 in favor of Woo, Kessner & Duca is not listed on the Schedules, even though the Schedules were filed one month after the note was made on December 7, 1983.

12. Bankruptcy Rule 3002(c) requires in a Chapter 7 case that a claim be filed within 90 days after the first date for the meeting of creditors called pursuant to § 341(a). The Bankruptcy Clerk, as shown on the Certificate of Service filed in the case, sent the Order for Meeting of Creditors and Fixing Times for Filing Objections to Discharge and for Filing Complaints to Determine Dischargeability of Certain Debts, Combined with Notice Thereof and Automatic Stay entered on December 22, 1983, giving notice to James Byrer of the April 11, 1984 bar date.

13. Claimants argue that Mr. Aoki acknowledged Claimants' claim on many occasions and that neither the Trustee nor anyone else ever objected to their claim. The Trustee presented correspondence between the Trustee's attorneys, Claimants' attorneys, and Mr. Aoki, which is attached to the Affidavit of Susan Tius filed herein on May 29, 1990 regarding the claims. The correspondence states that Mr. Aoki, while acknowledging his memory has faded, does not recall ever stating to Claimants that they had valid claims and further recalls that Mr. Richard Blum, who had participated in business transactions with the Debtor, questioned the validity of Mr. Byrer's claim.

■ 14. Claimants contend that the Schedules constitute an "informal proof of claim". However, Claimants have failed to present any case supporting their position. If Claimants' position is correct, then there is no need for filing proofs of claim.

15. On its face, Mr. Byrer's claim of $233,050.49 for two years of wages on the Schedules prepared by himself bears close scrutiny by the Trustee.

16. Claimants introduced at the hearing two pages of Debtor's Schedule A–3 on which Claimants' two listed claims are shown.

17. Mr. Byrer thereon lists his two claims of $233,050.49 and $85,942.36 as allowed and, of the 14 other listed claims, disputes 4 of them in amounts totalling approximately $95,000.00.

18. Obviously, the Claimants' control over the scheduling of allowed debts, including Mr. Byrer's allowance of his own, overly large wage claim of $233,050.49, is self-serving.

19. In discussing an informal proof of claim, *Colliers* states:

What will qualify as an "informal proof of claim" is thus unclear. The United States Court of Appeals for the Eleventh Circuit [*In re International Horizons,* 751 F.2d 1213 (11th Cir.1985)] has stated:

"The informal proof of claim as a minimum must furnish the information that a formal claim would give. This includes the fact the claimant has what it believes to be a legal claim for money owing."

However an informal claim has not been required by the courts to include the data provided in the official Forms required by Rule 3001. The court in *In re McCoy Management Services,* 44 B.R. 215 (Bankr.W.D.Ky.1984), held five elements were necessary to an informal proof of claim: (1) it must be in writing; (2) it must contain a demand by the creditor on the estate; (3) it must express an intent to hold the debtor liable for the debt; (4) it must be filed with the bankruptcy court; and (5) the facts of the case must make allowance equitable. While this information is less than Rule 3001 and the Official Forms require, other courts have permitted an even less stringent standard to be met, and have merely required an assertion of liability and an intent to hold the estate liable.

8 *Collier on Bankruptcy,* 15th Ed., ¶ 3001.03, Pages 3001–13–14.

20. Under the circumstances of this case, the Schedules do not meet the above requirements in that:

A. Mr. Byrer, in his capacity as a representative of the Debtor, filed the Schedules listing two debts owed to him and Mrs. Byrer. The Schedules were not a demand by Claimants in their individual capacities.

B. Claimants delayed three months after the bar date to file their claims.

C. Claimants are the principals of the Debtor and participated in the case with the assistance of legal counsel and it is reasonable to expect that they would have followed up on their alleged filing of their claims with the Court.

D. The total allowed unsecured claims in the case are approximately $140,000.00. Mr. Byrer's wage claim of $233,000.00 and Claimants' two other claims totalling approximately $15,000.00, if allowed, will significantly impact on the distribution of the approximately $75,000.00 of funds in the Estate.

E. The Schedules listed only two of the four claims filed by the Claimants. One of the listed claims has been satisfied by the Claimants' purchase of the Debtor's condominium and their offsetting credit bid of amounts due them from the Debtor. This leaves Mr. Byrer's wage claim as the only claim of Claimants which is shown on the Schedules.

21. Based on the foregoing, it would be inequitable to the creditors of the Estate who filed timely proofs of claims to permit the Claimants not to comply with the very simple Bankruptcy Rules for filing a claim, where Claimants actively supervised and participated in the case.

22. Claimants' listing of their debts on the Debtor's Schedules does not constitute an informal Proof of Claim.

23. To the extent that these Conclusions of Law constitute Findings of Fact, they shall be so deemed.

## ORDER DISALLOWING CLAIMS

Pursuant to the Findings of Fact and Conclusions of Law Re: objection to claims,

IT IS HEREBY ORDERED that the following Proofs of Claims filed on July 20, 1984 are disallowed:

1. $7,050.49 for reimbursable expenses filed by Mr. Byrer.

2. $226,000.00 for salary filed by Mr. Byrer.

3. $22,451.97 as co-signer of promissory note secured by second mortgage for indebtedness of debtor filed by Mr. Byrer.