In re ROSE EXTERMINATOR
CO., INC., Debtor.

James Reeves, Movant.

Bankruptcy No. 90–43407–293.

United States Bankruptcy Court,
E.D. Missouri, E.D.

Jan. 24, 1992.

Curtis L. Mann, Clayton, Mo., for debtor.

David G. Plufka, St. Louis, Mo., for James Reeves.

James S. Cole, Assistant U.S. Trustee, St. Louis, Mo.

## MEMORANDUM OPINION

DAVID P. McDONALD, Chief Judge.

### JURISDICTION

This Court has jurisdiction over the parties and subject matter of this proceeding pursuant to 28 U.S.C. §§ 1334, 151, and 157 and Local Rule 29 of the United States District Court for the Eastern District of Missouri. This is a "core proceeding" pursuant to 28 U.S.C. §§ 157(b)(2)(B) and (G), which the Court may hear and determine.

### FACTUAL BACKGROUND

The facts are not in dispute. Rose Exterminator Co., Inc. (Rose) filed a voluntary petition under Chapter 11 of the Bankruptcy Code on July 20, 1990. On its schedules, Rose listed the worker's compensation claim of James Reeves as unliquidated, disputed and unknown in amount. On August 7, 1990, the Clerk of the Court sent Notice of the filing to all creditors, including Movant Reeves. The Notice indicated "YOU WILL BE NOTIFIED OF THE LAST DAY FOR FILING PROOF OF CLAIM." On October 25, 1990, Debtor moved the court to enter a claims bar date in order to facilitate the preparation of its plan of reorganization.[1] By an order dated December 4, 1990, the court set February 5, 1991 as the last day for filing claims against the estate. Movant did not receive notice of this claims bar date.[2] The Debtor filed a plan on

November 14, 1990 which it amended three times before its confirmation on June 4, 1991.[3] Rose sent Mr. Reeves notice of a hearing on its Disclosure Statement on December 3, 1990. On November 26, 1991, Mr. Reeves filed Motion N asking this court to lift the automatic stay and allow him to pursue his workers' compensation claim against the Debtor before a Missouri Administrative Law Judge. On that same day, Mr. Reeves filed Motion O which requested this court to allow him to file a late proof of claim. Rose opposed Reeves' motion to lift the automatic stay, asserting that Mr. Reeves failed to demonstrate a reason why the court should lift the stay as to his claim which Rose had listed as disputed and unliquidated and for which Reeves had failed to file a timely proof of claim. Debtor also argued that Reeves was bound by the confirmed plan of reorganization because he had received notice of both the hearing on the adequacy of the Disclosure Statement and of the plan's confirmation.

### DISCUSSION

This case presents the court with two issues. First, does Rose's failure to notify Mr. Reeves of the claims bar date preclude the application of that bar to his claim. Second, if the claims bar date does not apply to Mr. Reeves, does the confirmation of Rose's plan of reorganization and the commencement of payments according to that plan affect this court's ability to grant him relief.

■ To resolve the first issue in this case, this court must consider whether applying the bar against Mr. Reeves would violate his due process rights. Due process demands that a creditor in a Chapter 11 case receive reasonable notice of a claims

---

1. The Certificate of Service filed with the court indicates that the Debtor mailed notice on October 23, 1990 of its Application For Order Fixing A Bar Date to the U.S. Trustee, but not to creditors.

2. Copies of the order establishing the claims bar date were sent only to: the Debtor, the Debtor's attorney, the attorney for the Creditors' Committee and the Assistant U.S. Trustee handling the case.

3. Debtor's certificate of mailing shows that Mr. Reeves received a copy of this court's order dated April 23, 1991 which notified him of the confirmation hearing on the Debtor's Second Amended Plan. A later certificate of mailing indicates the Debtor mailed a copy of the order confirming its plan of reorganization to Mr. Reeves on June 10, 1991.

bar date before it is effective against him. *New York v. N.Y., N.H. & H.R. Co.*, 344 U.S. 293, 297, 73 S.Ct. 299, 301, 97 L.Ed. 333 (1952). This ensures that the creditor has a reasonable opportunity to be heard before a court denies him his claimed rights. *Id.* The Supreme Court has held that a creditor's knowledge of the filing of a debtor's bankruptcy neither satisfies the requirements of due process nor imposes a duty upon the creditor to inquire as to the existence of possible court orders limiting the time for filing claims. *Id.* In fact, a "creditor 'has a right to assume' he will receive all of the notices required by statute before his claim is forever barred." *In re Dalton Dev. Project # 1*, 948 F.2d 678, 683 (10th Cir.1991) (*citing New York v. N.Y., N.H. & H.R. Co.*, 344 U.S. 293, 297, 73 S.Ct. 299, 301, 97 L.Ed. 333 (1953)).

■ Debtor here argues that the various notices Mr. Reeves received served to notice him of the bar date. Debtor's argument lacks merit. Neither the notice of the hearing on the disclosure statement, the notice of the confirmation hearing nor the notice of the plan's confirmation informed Mr. Reeves of the existence of a deadline for filing his claim. Further, no mention is made of the claims bar date in either the amended disclosure statement or the amended plan. Finally, the Clerk's NOTICE of August 7, 1990 indicating that it would notify creditors of "the last day for filing proof of claim" compounds the problem in this case. Because the clerk never contacted him regarding the claim bar date, it was reasonable for Mr. Reeves to assume no bar date had been set. The court finds that Debtor's failure to notify Mr. Reeves of the existence of a claims bar deadline renders that bar non-binding against Mr. Reeves.

■ Having found that the claims bar date cannot operate against Mr. Reeves, this court must now consider whether our confirmation of Rose's plan of reorganization and the commencement of payments under it affect our ability to grant relief to Mr. Reeves. The plan's confirmation does not preclude Mr. Reeves from filing his claim. The Tenth Circuit recently reversed a bankruptcy court decision barring a creditor's claim submitted after the claims bar date of which the debtor had failed to notify the creditor, despite the fact that the plan had been confirmed. *In re Dalton Dev. Project # 1*, 948 F.2d 678, 683 (10th Cir.1991). The *Dalton* court held that a creditor who had not received formal notice of the bar date or of the plan's confirmation was not bound by either the bar or the plan. *Id.* at 684. Unlike the creditor in *Dalton*, Mr. Reeves received notice of the hearing on the disclosure statement, notice of the confirmation hearing and notice of the plan's confirmation, therefore, he is bound by the plan.[4]

CONCLUSION

The claims bar date does not bar Movant's filing a proof of claim in this case because the Debtor failed to give Movant notice of the entry of the bar. This court grants Mr. Reeves' Motion O and will allow him to file a proof of his claim against the Debtor, not later than thirty days from the date of this Memorandum.

■ The court further recognizes the specialized nature of Mr. Reeves' claim against the Debtor and believes that allowing the Movant's case to proceed in the workers' compensation court is the most efficient means of adjudicating this claim. The court, therefore, grants Motion N and lifts the automatic stay so that the workers' compensation court can determine the value of Movant's claim against Rose.

The court emphasizes that because he had notice of the hearing on the disclosure

---

**4.** Under the Debtor's plan, Mr. Reeves is a Class V claimant. The plan provides that Class V claimants receive 50% of their claim paid as follows:

"3.33% on August 1, 1991
3.33% on November 1, 1991
3.34% on May 1, 1992
4.4444% on August 1, 1992
4.4444% on November 1, 1992

4.4444% on May 1, 1993
4.4444% on August 1, 1993
4.4444% on November 1, 1993
4.4444% on May 1, 1994
4.4444% on August 1, 1994
4.4444% on November 1, 1994
4.4448% on May 1, 1995."

The Class V claimants have already received two payments under the plan.

statement and of the plan's confirmation, the plan binds Mr. Reeves. Although the workers' compensation court will value his claim, Mr. Reeves must seek payment according to the terms of the plan like all the other creditors of the class to which he belongs. If Mr. Reeves prevails on the merits of his claim against the Debtor, it will be necessary that future distributions to Class V creditors be adjusted to provide Mr. Reeves the amount he would have received under the plan had his claim been timely filed and included in the plan from its confirmation.

An Order consistent with this Memorandum Opinion will be entered this date.

## ORDER

For the reasons set forth in the Memorandum Opinion filed this date, it is

ORDERED THAT

(1) the stay afforded by 11 U.S.C. § 362 is modified to the extent that James Reeves may pursue his workers' compensation claim against the Debtor before a Missouri Administrative Law Judge (Motion N); and

(2) the deadline for James Reeves to file a proof of claim is extended to February 24, 1992 (Motion O).