[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON DEFENDANT CUMBERLAND FARMS, INC. MOTION TODISMISS
This case came to this court when the plaintiff, Teri Lynn Fontaine, commenced this action on November 23, 1992 against defendants David Tuffy (Tuffy) and Cumberland Farms, Inc. (Cumberland). The action arose out of an automobile collision between Fontaine and Tuffy on November 29, 1990. In count one of her revised complaint, filed March 11, 1994, the plaintiff alleges that Tuffy was negligently operating a tractor trailer owned by Cumberland. As a result of the alleged negligence of defendant Tuffy, the plaintiff claims to have suffered serious physical injury and loss of present and future earning capacity. In count two of the complaint, the plaintiff alleges that Tuffy is an agent of Cumberland, apparently asserting a claim of vicarious liability on the part of Cumberland.
On December 1, 1992, the defendants filed an appearance. On December 2, 1992, the defendant Cumberland filed a notice of stay indicating that on May 1, 1992 Cumberland had filed a voluntary petition under Chapter 11 of the Bankruptcy Code in the Western District of Massachusetts. The defendant filed a notice of lift of stay on February 9, 1994.
On August 17, 1994, the defendant Cumberland filed the instant motion to dismiss the present action for lack of subject matter jurisdiction. The defendant argues that the plaintiff lacks standing to bring the action. Cumberland asserts that since the plaintiff failed to file its proof of claim by the bar dates set by the court in the bankruptcy proceeding, the plaintiff is not a member of an allowed class. As such, the defendant Cumberland argues that the plaintiff's claim has been discharged and released against Cumberland and its agents.[1]
The plaintiff filed a memorandum in opposition to the defendant's motion to dismiss on September 1, 1994. The plaintiff contends that Cumberland failed to provide notice of the bar dates sufficient to meet the due process requirements of theFourteenth Amendment to the United States Constitution. Consequently, the plaintiff argues that Cumberland should be estopped to assert its defense.
A motion to dismiss may be used to contest the court's CT Page 12188 subject matter jurisdiction. McCutcheon Burr, Inc. v. Berman,218 Conn. 512, 517, 590 A.2d 438 (1991). Once the issue of lack of subject matter jurisdiction is brought to the attention of the court it must be acted upon. Serrani v. Board to Ethics,225 Conn. 305, 308, 622 A.2d 1009 (1993). "It is a basic principle of law that a plaintiff must have standing for the court to have jurisdiction." Unisys Corp. v. Dept. of Labor, 220 Conn. 689,693, 600 A.2d 1019 (1991). A claim that a plaintiff lacks standing to bring an action "is a challenge to the subject matter jurisdiction of the trial court. . . .'" Nationwide Mutual Ins.Co. v. Pasion, 219 Conn. 764, 767, 594 A.2d 468 (1991). Thus, it is found that the defendant Cumberland may properly contest the plaintiff's standing by a motion to dismiss for lack of subject matter jurisdiction.
Bankruptcy Rule 3003(c)(2) and (3) provides that any creditor in a Chapter 11 reorganization case whose claim is scheduled as "disputed, contingent, or unliquidated" shall file a proof of claim within the time fixed by the bankruptcy court. In the present case, the plaintiff's claim was so scheduled. As indicated in the defendants' motion to dismiss, the bar dates limiting the time for filing claims set by the bankruptcy court were November 9, 1992 and December 31, 1992. It is uncontested that the plaintiff did not file its proof of claim by these dates.
"To the extent Rule 3003 fails to mandate notice that would meet the requirements of due process relative to creditors with disputed, contingent or unliquidated claims in . . . Chapter 11 reorganization cases, it is unconstitutional." In re MiddlePlantation of Williamsburg, Inc., 36 B.R. 873, 876 (Bankr. E.D. Va. 1984). In a chapter 11 case, the requirements of due process set forth in New York v. N.Y., N.H. H.R. Co., 344 U.S. 293,73 S.Ct. 299, 97 L. E.d 333 (1953) must be met, namely, that "a known creditor must receive proper, adequate notice before its claim is barred forever." Id. The Court in New York distinguished between known and unknown creditors, stating that resort to notice by publication may be necessary where names and addresses of persons are unknown. Id., 296. The proper notice is that which is reasonably calculated to apprise interested parties of the action. See New York v. N.Y., N.H. H.R. Co., supra,344 U.S. 296, citing Mullane v. Central Hanover Bank TrustCo., 339 U.S. 306, 70 S.Ct. 652, 94 L.Ed. 865 (1950).
Publication of notice of the bar dates in the present action CT Page 12189 was made in national newspapers.[2] Cumberland cites In reBest Products Co., Inc., 140 B.R. 353 (Bankr. S.D.N.Y. 1992) for the proposition that publication of notice of claim bar dates is reasonably calculated to apprise unknown creditors of the necessity to file proofs of claim and is therefore sufficient notice under bankruptcy rules.[3] The court finds from the documents on file, however, that in the present action the plaintiff's claim was known to Cumberland. Although the complaint was filed after the date of the Chapter 11 filing and after the first bar date, the plaintiff's former counsel sent a letter to the defendant's liability carrier setting forth the plaintiff's claim eleven months prior to the date the complaint was filed. (Plaintiff's Memorandum in Opposition to Defendant Cumberland Farms Inc.'s Motion to Dismiss, Exhibit A). Thus, the defendant had constructive notice of the plaintiff's claim well before the effective bar dates. Moreover, the complaint was filed approximately one month prior to the second bar date. It is evident from the record that the defendant had actual notice of the plaintiff's claim as early as eleven months prior to the complaint and at the latest by one month prior to the second bar date.
As a known creditor, the plaintiff was entitled to actual notice of the bar dates for filing her claim. Chicago PacificCorp. v. Organization of Minority Vendors, Inc., 733 F.2d 909,916 (7th Cir. 1985); In re Pettibone Corp. , 162 B.R. 791, 798
(Bankr. N.D. Ill. 1994) (holding that known creditors are entitled to actual notice of claims bar date and therefore notice by publication is not constructive notice as to known creditors). This is true whether or not the plaintiff had actual notice of Cumberland's bankruptcy. In re Fairchild Aircraft Corp. , 128 B.R. 976
(Bankr. W.D. Tex. 1991) (holding that actual notice of bankruptcy is not of itself enough to place a creditor on inquiry notice of claims bar date); In re AMWC, Inc., 109 B.R. 210, 213
(Bankr. N.D. Tex. 1989) (holding that "[a] creditor's notice of a bankruptcy filing does not put a duty on the creditor to inquire about possible orders limiting time for filing claims").
"[A] creditor has the right to assume that proper, adequate and constitutional notice will be provided before its claim will be forever barred." In re Main, 157 B.R. 786, 790 (Bankr. W.D. Pa. 1992). In a bankruptcy action, Cumberland's failure to notify the plaintiff of the existence of a claims bar deadline would render the bar date non-binding against the plaintiff. In re RoseExterminator Co., Inc., 135 B.R. 637, 639 (Bankr. E.D. Mo. 1992); CT Page 12190In re Barsky, 85 B.R. 550, 554 (Bankr. C.D. Cal. 1988) (holding that failure to file a claim prior to passing of the bar date did not preclude creditor from making claim where claimant was denied adequate notice under bankruptcy rules and due process clause). Thus, the issue becomes whether the defendant's failure to provide actual notice of the claim bar dates may be raised by the plaintiff in a civil action as a basis to deny a motion to dismiss for lack of subject matter jurisdiction. On the basis of equitable principles, defendant Cumberland should be estopped to raise as a defense the plaintiff's failure to timely file its proof of claim. The defendant did not provide actual notice of the claim bar dates to the plaintiff, a known creditor. As stated by the court in New York, "[n]otice by publication is a poor and sometimes a hopeless substitute for actual service of notice. Its justification is difficult at best." New York v. N.Y., N.H. H.R. Co., supra, 344 U.S. 296.
Therefore, the motion is denied.